[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11999

_____

D.C. Docket No. 1:10-md-02183-PAS


STEPHEN G. BLANK,
a Florida professional association,
ROARKE MILLER,
JEFFREY KLEIN,
DUEY HANDY,
KENNETH DODSON, et al.,

                                                    Plaintiffs - Appellees,


PETER M. BLAUZVERN DDS PC,
a New York professional corporation, et al.,

                                                    Consol Plaintiffs,


versus


NCMIC FINANCE CORPORATION,
doing business as Professional
Solutions Financial Services,
an Iowa corporation authorized to do
business in Florida,
PSFS 3 CORPORATION,
an Iowa Corporation,

                                                    Defendants - Appellants,

BRICAN AMERICA, INC.,
a Florida corporation, et al.,

                                        Consol Defendants.


_____

No. 15-12000
_____

D.C. Docket No.  1:10-md-02183-PAS


In Re: Brican America LLC Equipment Lease Litigation.

STEPHEN G. BLANK DDS, PA
a Florida professional association,
ROARKE MILLER,
JEFFREY KLEIN,
DUEY HANDY,
KENNETH DODSON,
FREDRICK CLONINGER,
ERICK GRAY,
JANIENE GRESLA,
PAUL MORMON,
ROBERT HEINRICH, et al.,

                                        Plaintiffs - Appellants,

versus

NCMIC FINANCE CORPORATION,
PSFS 3 CORPORATION,
an Iowa Corporation,

                                        Defendants - Appellees.

_____

No. 15-12570

_____

D.C. Docket No.  1:10-md-02183-PAS


STEVEN ANHALT,
ALAN BARIBEAU,
SANDRA BARKER,
MARIO BARRERA,
BETHANEY BRENNER,
FRED BUETTNER,
EDWARD BUSCH,
FREDRICK CLONINGER,
AARON COLLINS,
KEITH COLWELL,
DANIEL DEL CASTILLO, et al.,

Plaintiffs - Appellants,

PETER M. BLAUZVERN DDS PC,
a New York professional corporation, et al.,

Consol Plaintiffs,

versus

BRICAN AMERICA, INC.,
a Florida corporation, et al.,

Consol Defendants,

NCMIC FINANCE CORPORATION,
doing business as Professional Solutions
Financial Services, an Iowa corporation
authorized to do business in Florida,

3

PSFS 3 CORPORATION,
an Iowa Corporation,

Defendants - Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(November 22, 2016)

Before ED CARNES, Chief Judge, TJOFLAT, Circuit Judge, and TITUS,[*] District Judge.

PER CURIAM:

The plaintiffs in this case, more than a thousand doctors and/or their offices, sued NCMIC Finance Corporation and PSFS 3 Corporation (collectively, "NCMIC"). Pursuing various legal theories, the plaintiffs sought to void equipment leases that required them to make monthly payments to NCMIC.

The plaintiffs fell into one of two groups, depending on the type of lease agreement they signed. There were (1) "three-column plaintiffs" who entered leases directly with NCMIC and (2) "one-column plaintiffs" who entered leases with a separate entity, which then assigned the leases to NCMIC. Before trial, in two separate orders, the district court granted summary judgment to NCMIC and against the three-column plaintiffs, but allowed the one-column plaintiffs to

_____

[*] Honorable Roger W. Titus, United States District Judge for the District of Maryland, sitting by designation.

4

proceed to trial.  After two successive bench trials, the district court entered final judgment against NCMIC and to fourteen representative one-column plaintiffs on some, but not all, of their claims.

Because the district court entered final judgments on less than all claims and parties, it certified its judgments for appeal under Federal Rule of Civil Procedure 54(b).  The three-column plaintiffs then appealed the district court's pre-trial grant of summary judgment against them, while NCMIC appealed the district court's post-trial entry of final judgment against it.  Those appeals have been consolidated.

After reviewing the record, hearing oral argument, and reading the parties' briefs, we affirm the district court's two final judgments against the three-column plaintiffs based on its Omnibus Order on Cross Motions for Summary Judgment on the "Jugular Issue" and its Order Granting in Part and Denying in Part NCMIC's Motion for Summary Judgment.  We likewise affirm the district court's final judgment in favor of fourteen one-column plaintiffs based on its Amended Findings of Fact and Conclusions of Law and its Amended Supplemental Findings of Fact and Conclusions of Law.  We offer a few additional comments to what the district court said.

First, NCMIC contends that the district court decided an issue without giving the parties fair notice that it would do so.  Specifically, the court found that NCMIC had failed to show its holder-in-due-course status under Florida law and

NCMIC claims that it did not know that would be an issue at trial. In the parties' joint pretrial statement, however, NCMIC agreed that one "issue of fact which remain[s] to be litigated at trial" was "[w]hether NCMIC is a holder-in-due course," and that "NCMIC has the burden of proof to establish that it was a holder-in-due-course." Based on those stipulations, NCMIC's argument that it was unaware its holder-in-due-course status would be an issue at trial is baseless.

Second, a single plaintiff, Dr. Steven E. Wigdor, contends that the district court erred in failing to consider his affidavit about what type of marketing agreement he signed. In December 2013 Dr. Wigdor filed an affidavit in which he swore that he signed one version of a marketing agreement with NCMIC. Sometime later, after the district court had already held a hearing on the summary judgment motions and prohibited the parties from presenting new arguments, NCMIC announced that it would release certain plaintiffs who had signed a different version of the marketing agreement from any remaining obligations under their leases with NCMIC. It was only at that point, in January 2014, that Dr. Wigdor submitted a revised affidavit stating that he had really signed the version of the marketing agreement encompassed by NCMIC's release. The district court refused to consider the updated affidavit.

We review the district court's decision to not consider untimely filings for an abuse of discretion. Young v. City of Palm Bay, 358 F.3d 859, 863–64 (11th

6

Cir. 2004).  The only reason Dr. Wigdor offers for untimely filing the second affidavit, which was inconsistent with his first one, is that the type of marketing agreement he signed "became relevant" only after NCMIC agreed to release parties who had signed the other version.  In other words, he believed it was not relevant to provide an accurate representation to the district court until providing an accurate representation personally benefitted him.  Under those facts, the district court did not abuse its discretion in failing to consider Dr. Wigdor's untimely affidavit.

      **AFFIRMED.**